## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, )<br><br>Plaintiff, )<br>v. )<br><br>TIMBER'S EDGE BUILDERS, LLC; and ERIC FARIAS, )<br><br>Defendants. ) | Case No.:    1:21-cv-04291 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Crum & Forster Specialty Insurance Company ("CFSIC"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against Defendants, TIMBER'S EDGE BUILDERS, LLC ("Timber's Edge") and ERIC FARIAS ("Farias"), states as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201. In this action, CFSIC seeks a determination of its rights and obligations under an insurance policy it issued to Named Insured Artugo Rogel dba Rhino Construction Solutions ("Rhino") in connection with an underlying complaint, which asserts certain claims against Timber's Edge, a putative additional insured.

## JURISDICTION AND VENUE

2.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as this

action is between citizens of different states and the amount in controversy exceeds $75,000.

4.    Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), as Defendant Timber's Edge resides in this district.

5.    Plaintiff CFSIC is a corporation organized and existing under the laws of the state of Delaware, with its main administrative offices located in Morristown, New Jersey. At all relevant times, CFSIC was authorized to conduct business in the State of Illinois.

6.    Defendant Timber's Edge is an Illinois corporation with its principal place of business in Northbrook, Illinois.

7.    Upon information and believe, Defendant Farias is a resident and citizen of Illinois.

8.    The Underlying Action (as defined herein) is pending in the Circuit Court of Cook County, Illinois.

9.    CFSIC issued an insurance policy to Rhino as described more fully below.

10.    Defendant Timber's Edge has sought coverage as a putative additional insured under said policy in connection with the claims asserted against it in the Underlying Action.

11.    The scope of the coverage available to Timber's Edge is governed by the terms, conditions, and exclusions of the policy.

12.    Plaintiff CFSIC does not assert any claims against Defendant Farias in this Complaint and he has been named as a defendant in this action solely as a necessary party.

## THE UNDERLYING ACTION

13.    On December 27, 2019, Farias filed a complaint a lawsuit styled <u>Eric Farias v. Kogen Friedman Development, Inc. f/k/a KZF Development, Inc.</u>, Case No. 19-L-14285, in the Circuit Court of Cook County, Illinois (the "Underlying Action").  On March 29, 2021, Farias

filed an amended complaint ("Amended Complaint") in the Underlying Action, adding Timber's Edge as a defendant. A true and correct copy of the Amended Complaint is attached hereto as Exhibit A.

14.     The Amended Complaint alleges, *inter alia*, that on or before November 16, 2017, Timber's Edge owned and/or was in control of the erection, construction, repairs, alteration, removal and/or painting of a certain building or structure located at Saunders and Dundee Roads, in Northbrook, Illinois (the "Premises"). Ex. A at Count IV, ¶ 2.

15.     The Amended Complaint further alleges that, at the aforementioned time, Farias was employed as a carpenter by Rhino and was on the Premises lawfully and in furtherance of his work. Ex. A at Count IV, ¶ 3.

16.     The Amended Complaint further alleges that Timber's Edge was present during the course of such restoration, construction, and defendant, and participated in coordinating the work being done, designated various work methods, maintained and checked the work in progress, and participated in the scheduling of work and the inspection of work on the Premises. Ex. A at Count IV, ¶ 4.

17.     The Amended Complaint further alleges that Timber's Edge had the authority to stop or refuse the work and materials, and to order changes in the work in the event it was being performed in a dangerous manner. The Amended Complaint further alleges that Timber's Edge self-performed certain work through its direct employees and agents. Ex. A. at Count IV, ¶ 4.

18.     The Amended Complaint further alleges that, at the aforementioned time and place, Farias was working at an unsecured height on the deck area of the building located at the Premises nailing the trim joints in place, when an improperly constructed chimney/wall caused the Farias to fall approximately 10 feet, causing injury. Ex. A at Count IV, ¶ 11.

19.     The Amended Complaint further alleges that, at the aforementioned time and place, Timber's Edge had a duty to exercise reasonable care in the construction on the Premises, to maintain the Premises in a safe condition, and to provide those employed on the Premises with a safe place to work. Ex. A at Count IV, ¶¶ 5, 6.

20.     The Amended Complaint alleges that Timber's Edge was negligent in one or more of the following ways: failed to make a reasonable inspection of the Premises and work when it knew, or should have known, that said inspection was necessary to prevent injury to the Farias; improperly operated, managed, maintained and controlled the Premises; failed to provide a safe workplace; failed to warn of the dangerous conditions existing on the Premises; failed to properly construct, secure, and maintain the building, chimney, and walls; allowed access to the deck to perform work without fall protection; and/or failed to require adequate hoisting implements for the movement and/or placement of walls. Ex. A at Count IV, ¶ 12.

21.     The Amended Complaint further alleges that, as a direct and proximate cause of Timber's Edge's negligent acts and omissions, Farias suffered injuries of a personal, permanent, and pecuniary nature.  Ex. A at Count IV, ¶ 13.

22.     The Amended Complaint asserts the following causes of action against Timber's Edge based on the aforementioned conduct: Count IV – Construction Negligence; Count V – Negligence; and Count VI – Premises Liability.

## THE POLICY

23.     CFSIC issued Commercial General Liability Policy No. BAK-32649-1 (the "Policy") to named insured Artugo Rogel DBA Rhino Construction Solutions, effective from August 9, 2017 to August 9, 2018. A true and correct certified copy of the Policy is attached hereto as Exhibit B.

24. The Policy provides Commercial General Liability insurance subject to a $1,000,000 Each Occurrence limit of liability and a $2,000,000 General Aggregate. Ex. B at p. 27.

25. Coverage A under the Commercial General Liability Coverage Part of the Policy provides, in pertinent part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But: […]

***

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; […]

***

**2. Exclusions**

This insurance does not apply to:

***

    **e. Employer's Liability**

    "Bodily injury" to:

    (1) An "employee" of the insured arising out of and in the course of:

        (a)    Employment by any insured; or

5

      (b)     Performing duties related to the conduct of any insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

\*\*\*

Ex. B at pp. 29, 30.

26.      **SECTION II – WHO IS AN INSURED** of the Policy provides, in pertinent part, as follows:

    **1.**  If you are designated as in the Declarations as:

        **a.**  An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

\*\*\*

27.      **SECTION V – DEFINITIONS** of the Policy includes the following relevant definitions:

\*\*\*

    **3.**  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

    **5.**  "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\*\*\*

**10.**   "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

***

**13.**   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

***

**19.**   "Temporary worker"[1] means any person who is:

   a.   furnished to you to substitute a permanent "employee";
   b.   a short-term worker; or
   c.   not an "employee" or "volunteer worker".

***

Ex. B at pp. 41-42, 59.

28.   The Policy contains a Contractors Coverage Limitations and Audit Endorsement

(form SB051-0615) which provides, in pertinent part, as follows:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**CONTRACTORS COVERAGE LIMITATIONS AND AUDIT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

A. **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, e. Employer's Liability**, and **SECTION I – COVERAGES, PRODUCTS/COMPLETED OPERATIONS, BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, e. Employer's Liability**, are deleted and replaced with the following:

   This insurance does not apply to:

---

[1] As amended by the Contractors Coverage Limitations and Audit Endorsement (form SB051-0615).

**e.** **Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" or "temporary worker" of any insured arising out of and in the course of:

    **(a)** Employment by any insured; or
    **(b)** Performing duties related to the conduct of any insured's business;

**(2)** A fellow "employee" or "temporary worker" of any insured arising out of and in the course of such employment when the insured is an "executive officer" of such employer; or

**(3)** The spouse, child, parent, brother or sister of that "employee" or "temporary worker" as a consequence of Paragraph (1) above.

This exclusion applies:

**(1)** Whether an insured may be liable as an employer or in any other capacity;

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury; or

**(3)** To any liability assumed under any contract or agreement.

\*\*\*

Ex. B at p. 58.

29.    The Policy contains an Additional Insured – Owners, Lessees or Contractors-Scheduled Person or Organization Endorsement (form CG 20 10 07 04), which provides, in pertinent part, as follows:

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS –**
**SCHEDULED PERSON OR ORGANIZATION**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

## SCHEDULE

| Name Of Additional Insured Person(s) Or Organization(s): | Location(s) of Covered Operations |
|---|---|
| All persons or organizations as required by written contract with the insured | Various |
| It is further agreed that this insurance shall be primary and non-contributory but only in the event of a named insured's sole negligence | |

*** 

**A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

**1.** Your acts or omissions; or

**2.** The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

***

Ex. B at p. 54.

## THIS DISPUTE

30.    CFSIC received notice that coverage is sought by Timber's Edge under the Policy in connection with the claims asserted against it in the Underlying Action.

31.    CFSIC has determined through its coverage investigation that it owes no obligation to defend or indemnify Timber's Edge in connection with the claims asserted against it in the Amended Complaint filed in the Underlying Action.

32.    CFSIC has advised Timber's Edge in writing that it disclaims any obligation under the Policy to provide it a defense to or indemnify them in connection with the claims asserted against it in the Underlying Action.

33.    CFSIC now brings this action to obtain a judicial declaration that the Policy provides no defense or indemnity obligations to Timber's Edge in connection with the claims asserted against it in the Underlying Action.

## COUNT I

### (No Duty to Defend or Indemnify Timber's Edge -
### Timber's Edge Does Not Qualify As An Additional Insured on the Policy)

34.    CFSIC incorporates by reference herein paragraphs 1 through 34, as if the same were fully set forth at length.

35.    The Additional Insured – Owners, Lessees or Contractors-Scheduled Person or Organization Endorsement contained in the Policy provides, in pertinent part, that "**Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for 'bodily injury'… caused, in whole or in part, by: [y]our acts or omissions; or [t]he acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above. Under "Name of the Additional Insured Person(s) or Organization(s), the Schedule of the Endorsement states "[a]ll persons or organizations as required by written contract with the insured" and under "Location(s) of Covered Operations" states "various."  Ex. B at p. 54.

36.    To qualify as an additional insured under the Additional Insured – Owners, Lessees or Contractors-Scheduled Person or Organization Endorsement contained in the Policy, there must be a written contract between Timber's Edge and Rhino in which Rhino agreed to

name Timber's Edge as an additional insured on the Policy for the work performed on the Premises at the time of the incident.

37.     In support of its request for coverage as an additional insured under the Policy for the claims asserted against it in the Underlying Action, Timber's Edge has provided CFSIC with a contract between Rhino and Timber's Edge dated January 8, 2018 – which is subsequent to the November 16, 2017 incident involving Farias which is the subject of the Underlying Action.  A copy of said contract is attached hereto as Exhibit C.

38.     Timber's Edge has not established the existence, at the time of the incident  which is the subject of the Underlying Action, of a written contract requiring Rhino to obtain additional insured coverage for Timber's Edge under its insurance policies with respect to the work being performed on the Premises, as required to confer Timber's Edge with additional insured status under the Policy pursuant to the Additional Insured – Owners, Lessees or Contractors-Scheduled Person or Organization Endorsement contained in the Policy.

39.     Accordingly, CFSIC disclaims any obligation under the Policy to defend or indemnify Timber's Edge connection with the claims asserted against it in the Underlying Action because Timber's Edge does not qualify as an insured or additional insured under the Policy.

WHEREFORE, CFSIC seeks a judgment that it owes no duty to defend or indemnify Timber's Edge in connection with the claims asserted against it in the Amended Complaint filed in the Underlying Action.

## COUNT II

### (No Duty to Defend or Indemnify Timber's Edge - Exclusion a. (Employer's Liability) of Coverage A Precludes Coverage)

40.     CFSIC incorporates by reference herein paragraphs 1 through 40, as if the same were fully set forth at length.

11

41.     Exclusion e. (Employer's Liability) of Coverage A – Bodily Injury and Property Damage Liability of the Commercial General Liability Part of the Policy, as amended by the Contractors Coverage Limitations and Audit Endorsement, provides, in pertinent part, that the Policy does not apply to "bodily injury" to "an 'employee' or 'temporary worker' of any insured arising out of and in the course of: [e]mployment by any insured; or [p]erforming duties related to the conduct of any insured's business.  Exclusion e. further provides that this exclusion applies "[w]hether an insured may be liable as an employer or in any other capacity," to "any obligation to share damages with or repay someone else who must pay damages because of the injury," or to "any liability assumed under any contract or agreement."  Ex. B at p. 58.

42.     The Policy defines "employee" to include a "leased worker," but not a "temporary worker."  The Policy defines "leased worker" to mean "a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business." However, the Policy states that a "[l]eased worker" does not include a "temporary worker," which is defined as any person who is: "furnished to you to substitute a permanent 'employee'"; "a short-term worker"; or "not an 'employee' or 'volunteer worker'." Ex. B at pp. 41-43, 59.

43.     The Amended Complaint alleges that, at the time of his fall at the Premises on November 16, 2017, Farias was employed as a carpenter by Rhino and further alleges that Farias' injuries occurred while he was performing said work on the building for Rhino. Ex. A at Count IV, ¶ 3.

44.     The Amended Complaint seeks to impose liability against Timber's Edge for damages because of "bodily injury" to an "employee" of an insured [Rhino] arising out of and in

the course of employment by an insured [Rhino] and/or performing duties related to the conduct of an insured [Rhino's] business.

45.     Accordingly, even if Timber's Edge qualified as an additional insured on the Policy (which CFSIC expressly denies), the Policy would not afford coverage to Timber's Edge for the claims asserted against it in the Underlying Action because exclusion e. (Employer's Liability) of Coverage A of the Commercial General Liability Coverage Part of the Policy operates to preclude coverage for such claims.

WHEREFORE, CFSIC seeks a judgment that it owes no duty to defend or indemnify Timber's Edge in connection with the claims asserted against it in the Amended Complaint filed in the Underlying Action.

## PRAYER FOR RELIEF

Plaintiff Crum & Forster Specialty Insurance Company hereby respectfully requests the entry of an order and judgment in its favor and against Defendant Timber's Edge Builders, LLC, declaring as follows:

a. This court has jurisdiction over the parties and the subject matter of this litigation;

b. The Policy does not provide coverage to Defendant Timber's Edge Builders, LLC for the claims asserted against it in the Amended Complaint filed in the Underlying Action;

c. Crum & Forster Specialty Insurance Company does not owe a duty under the Policy to defend or reimburse defense costs incurred by Defendant Timber's Edge Builders, LLC in connection with the claims asserted against it in the Amended Complaint filed in the Underlying Action;

d. Crum & Forster Specialty Insurance Company does not owe a duty under the Policy to indemnify Defendant Timber's Edge Builders, LLC in connection with the claims asserted against it in the Amended Complaint filed in the Underlying Action;

e.  Crum & Forster Specialty Insurance Company is entitled to an award of its costs; and

f.  Such other further relief as this Court deems just and appropriate.

Respectfully Submitted,

CRUM & FORSTER SPECIALTY INSURANCE COMPANY

Dated: August 11, 2021

By:     s/James J. Hickey_____
        James J. Hickey
        One of the Attorneys for Plaintiff
        Crum & Forster Specialty Insurance Company


        James J. Hickey (Illinois Bar No. 6198334)
        James.Hickey@kennedyslaw.com
        Julie Klein (Illinois Bar No. 6316842)
        Julie.Klein@kennedyslaw.com
        KENNEDYS CMK
        100 North Riverside Plaza, Suite 2100
        Chicago, IL 60606
        Phone: (312) 800-5000
        Fax: (312) 207-2110